BUCKEYE QUALITY CARE CENTERS, INC., D.B.A. WESTHAVEN NURSING HOME ET AL., APPELLANTS AND CROSS-APPELLEES, *v.* FLETCHER ET AL., APPELLEES AND CROSS-APPELLANTS.■

(No. 87AP-907 — Decided
May 19, 1988.)

*Geoffrey E. Webster* and *Richard Goldberg,* for appellants and cross-appellees.

*Anthony J. Celebrezze, Jr.,* attorney general, *Tamara Malkoff* and *Alan P. Schwepe,* for appellees and cross-appellants.

BROWN, J. This is an appeal by plaintiffs and a cross-appeal by defendants from an order of the Franklin County Court of Common Pleas granting defendants' motion to dismiss plaintiffs' complaint for failure to state a claim upon which the requested relief of declaratory judgment and injunction could be granted. Plaintiffs raise three assignments of error as follows:

"1. The lower court erred in failing to apply the proper standard of review to the complaint in light of the Civil Rule 12 motion to dismiss.

"2. The lower court erred in find [*sic*] that 'no case or controversy' between the parties exists and thereby erred in dismissing the action.

"3. The lower court erred in finding that plaintiffs have an adequate remedy at law through the use of a Chapter 119 administrative hearing on Medicaid certification status and thereby erred in dismissing the action."

Defendants assert the following additional assignment of error on cross-appeal:

"The trial court's decision that the plaintiffs-appellants have standing should be reversed as the plaintiffs-appellants lack standing to bring an action pursuant to 42 U.S.C. § 1983."

Plaintiffs are various nursing homes licensed by the state of Ohio and which, pursuant to provider agreements with defendant, the Ohio Department of Human Services ("ODHS"), serve as health care providers with respect to the federal Medicaid program. Prior to entering into such provider agreements, defendant, the Ohio Department of Health ("ODH"), designated as the state survey agency under Section 431.610, Title 42, C.F.R., must certify the nursing homes as being in compliance with appropriate federal standards for the medical assistance program.

ODHS must determine at a minimum of every twelve months whether a provider agreement is to be renewed, such determination to be made on the basis of the nursing homes' compliance with federal and state laws and rules for participation in the Medicaid program. R.C. 5111.22(B). Accordingly, ODH conducts on-site inspections and issues survey reports to the nursing homes, from which it proposes to ODHS either certification of compliance or noncompliance of the facilities. Nursing homes receive notice of any proposed certification of noncompliance. The homes then have the opportunity for an informal reconsideration and/or an evidentiary hearing.

Plaintiffs filed a complaint on April 23, 1987 against various defendants, including the ODHS, ODH, the directors of ODHS and ODH and two ODH supervisors. The complaint sought both declaratory and injunctive relief as to the three claims. First, the complaint asserted that the standards

utilized by ODH in conducting certification compliance surveys were actually "rules" which had not been properly promulgated. Second, plaintiffs alleged that delegating to ODH the power to survey the nursing homes, and thus ODH's use of unauthorized powers, was an illegal delegation of executive branch authority. Finally, plaintiffs alleged that certain of the nursing homes are being targeted and subjected to excessive scrutiny. Various federal and state constitutional violations are claimed, as well as violation of state statutes.

Defendants responded with separate, albeit virtually identical motions to dismiss the complaint. The primary ground alleged by defendants in support of their motions was that plaintiffs failed to state a claim upon which relief could be granted, pursuant to Civ. R. 12(B)(6) and Section 1983, Title 42, U.S. Code. Defendants additionally requested dismissal on the grounds that plaintiffs lacked standing to bring the constitutional claims, and that plaintiffs failed to join an indispensable party, the United States Department of Health and Human Services. Plaintiffs filed memoranda in opposition to defendants' motion, to which defendants filed responses.

Following oral hearing, defendants' motion to dismiss was granted. The trial court held that, although plaintiffs did have standing to bring an action pursuant to Section 1983, dismissal vis-a-vis Civ. R. 12(B)(6) was appropriate in that no case or controversy existed between the parties. The court further found that declaratory relief was precluded, as again no case or controversy existed and, further, that no need for speedy relief existed. The court dismissed plaintiffs' claims for injunctive relief since an adequate remedy at law existed in the administrative appeal available under R.C. Chapter 119.

Finally, the court overruled the motion to dismiss on the ground of failure to join an indispensable party. The court did not reach the merits of plaintiffs' complaint. For the reasons that follow, we hold that the trial court erred in dismissing plaintiffs' complaint.

The second and third assignments of error advanced by plaintiffs, being interrelated, will therefore be discussed together and will be discussed first.

As stated previously, plaintiffs' complaint was dismissed, pursuant to Civ. R. 12(B)(6), on the ground that it failed to state a claim upon which relief could be granted. In the leading case of *O'Brien* v. *Univ. Community Tenants Union* (1975), 42 Ohio St. 2d 242, 71 O.O. 2d 223, 327 N.E. 2d 753, the standard for dismissal was set out by the Supreme Court of Ohio in the syllabus, as follows:

"In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted (Civ. R. 12(B)(6)), it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery."

In ruling on a motion to dismiss, the court is required to interpret all material allegations in the complaint as true and taken as admitted. *State, ex rel. Alford,* v. *Willoughby Civ. Serv. Comm.* (1979), 58 Ohio St. 2d 221, 223, 12 O.O. 3d 229, 230, 390 N.E. 2d 782, 785; *Royce* v. *Smith* (1981), 68 Ohio St. 2d 106, 108, 22 O.O. 3d 332, 333, 429 N.E. 2d 134, 136; *Phung* v. *Waste Management, Inc.* (1986), 23 Ohio St. 3d 100, 102, 23 OBR 260, 262, 491 N.E. 2d 1114, 1116. The allegations of the complaint are to be liberally construed by the court in a light most favorable to the plaintiff. *Slife* v. *Kundtz Properties* (1974), 40 Ohio App. 2d 179, 69 O.O. 2d 178, 318 N.E. 2d 557; *Nationwide Heat & Cooling* v. *K & C Construction* (Sept. 10, 1987),

Franklin App. No. 87AP-129, unreported. Whether the plaintiff will ultimately prevail is not a proper concern in ruling on a Civ. R. 12(B)(6) motion. Accordingly, the action should not be dismissed simply because the court doubts that plaintiff will be able to prove the allegations of the complaint. *Nationwide, supra.*

Both federal and state violations are asserted in the plaintiffs' three separate claims. Additionally, the complaint seeks relief on both statutory and constitutional grounds. For purposes of discussion, the causes of action and the trial court's concomitant treatment of each will be divided into these latter two categories, namely, constitutional claims and statutory claims.

In ruling on the motion to dismiss, the trial court stated specifically that the constitutional claims brought pursuant to Section 1983 failed to state a claim upon which relief could be granted to plaintiffs. A complaint alleging Section 1983 as the basis for an action must meet two requirements. First, there must be an allegation that the conduct in question was performed by a person under color of law. Second, the conduct must have deprived appellant of a federal right. *Gomez* v. *Toledo* (1980), 446 U.S. 635; *Cooperman* v. *Univ. Surgical Assoc.* (1987), 32 Ohio St. 3d 191, 513 N.E. 2d 288.

Plaintiffs' complaint asserts denial of two different constitutional rights, due process and equal protection. It is unclear from the judgment entry whether the Section 1983 claims were dismissed due to a failure to meet the first or the second requirement as set out above, that is, color of law or federal right. However, in applying the liberal standard to plaintiffs' claims that must be applied in a Civ. R. 12 (B)(6) motion, it is apparent that the trial court erred in granting dismissal.

Two of plaintiffs' claims are grounded in due process. Defendants moved to dismiss these claims asserting that plaintiffs had failed to plead that any remedies which may be available through state actions were inadequate. If, in dismissing plaintiffs' claims under Section 1983, the trial court did so on the reasoning urged by defendants, then dismissal was clearly inappropriate. Plaintiffs did not specify whether the alleged violation infringed upon a substantive or procedural due process right, and it is only in the latter instance that the adequacy of supplemental state remedies must be examined. *Cooperman, supra; Parratt* v. *Taylor* (1981), 451 U.S. 527, overruled in part on other grounds in *Daniels* v. *Williams* (1986), 474 U.S. 327.

Moreover, assuming the alleged constitutional infringement under the Fourteenth Amendment was based on a right to procedural due process, then plaintiffs have met any requirement by which the inadequacy of state remedies must have been pleaded in their complaint. Although defendants urge that such conclusory statements are not to be taken as true in the same manner as material allegations, defendants misapprehend the standard to be followed under Civ. R. 12(B)(6). Plaintiffs have pleaded all that is required to allege a Section 1983 claim, and thus plaintiffs' due process claims were improperly dismissed.

We likewise find that plaintiffs' third claim was pleaded sufficiently to withstand a motion for dismissal under Civ. R. 12(B)(6). Clearly, discriminatory application of state rules may result in a violation of one's constitutional right to equal protection. Accordingly, to the extent that plaintiffs' complaint was dismissed as insufficient to plead a Section 1983 cause of action, plaintiffs' second and third assignments of error are sustained.

Dismissal was also granted by the

trial court as to plaintiffs' requests for declaratory judgment and injunction. Insofar as the declaratory and injunctive relief was requested as remedies under Section 1983, dismissal was inappropriate for the reasons set out above.

The trial court, however, specifically granted dismissal of plaintiffs' declaratory judgment request under R.C. Chapter 2721. We hold that such was error.

It is well-settled that three elements are necessary to obtain a declaratory judgment: (1) a real controversy between parties, (2) a controversy which is justiciable in character, and (3) a situation where speedy relief is necessary to preserve the rights of the parties. *Burger Brewing Co.* v. *Liquor Control Comm.* (1973), 34 Ohio St. 2d 93, 63 O.O. 2d 149, 296 N.E. 2d 261; *Herrick* v. *Kosydar* (1975), 44 Ohio St. 2d 128, 73 O.O. 2d 442, 339 N.E. 2d 626; *Williams* v. *Akron* (1978), 54 Ohio St. 2d 136, 8 O.O. 3d 125, 374 N.E. 2d 1378; R.C. 2721.03.

It is additionally established that exhaustion of administrative remedies is not a requirement where the validity or constitutionality of an issue is being contested. *Schomaeker* v. *First Natl. Bank of Ottawa* (1981), 66 Ohio St. 2d 304, 20 O.O. 3d 285, 421 N.E. 2d 530; see, also, *Gannon* v. *Perk* (1976), 46 Ohio St. 2d 301, 75 O.O. 2d 358, 348 N.E. 2d 342. Administrative regulations and acts may be challenged by way of the Declaratory Judgment Act in certain situations regardless of the existence of alternate administrative remedies. *Kosydar, supra*; R.C. 2721.03. Moreover, under the very terms of the statute, "* * * [n]o action or proceeding is open to objection on the ground that a declaratory judgment or decree is prayed for. * * *" R.C. 2721.02.

Applying the above to plaintiffs' statutory claims, it is clear that dismissal was improper. Plaintiffs initially challenge the use of rules not properly promulgated according to R.C. Chapter 119 and/or R.C. 111.15. Although we .may be uncertain of plaintiffs' likelihood of success on this claim, it is nevertheless apparent that plaintiffs have pleaded sufficient facts to meet their initial burden. If plaintiffs are being subjected to complying with improperly adopted rules, then it is entirely possible that they are suffering financial or other harm. R.C. 119.12; see, *e.g.*, *In re Appeal from Rules* (1963), 118 Ohio App. 407, 25 O.O. 2d 310, 195 N.E. 2d 112. A review of plaintiffs' complaint demonstrates that, contrary to defendants' assertions and language in the judgment entry, plaintiffs in fact did plead the existence of harm, as follows:

"31. These unfiled survey rules significantly affect the private rights of Plaintiffs, as well as all other nursing home providers which participate in the Ohio Medicaid Program. The right of Plaintiffs and these providers to continue participating in the Medicaid Program is dependent upon the results of these ODH surveys. Further, the inconsistent application of these unfiled rules by Defendant ODH causes great financial hardship upon Plaintiffs and many other nursing home providers."

However sketchy, the complaint on its face meets the requirements of declaratory judgment actions.

Moreover, the fact that plaintiffs may at some point in the future fail to comply with the rules, lose their Medicaid certification due to an administrative adjudication, and bring the same challenge on administrative appeal does not alter this conclusion. If plaintiffs continue indefinitely to comply with the rules, then they may be forever foreclosed from challenging the rules' adoption.

Therefore, dismissal was erroneous as to this claim. For the same reasons, dismissal was improperly granted as to plaintiffs' second and third claims, *i.e.*, that ODH's use of improperly delegated authority violated plaintiffs' rights and that defendants were illegally subjecting plaintiffs to discriminatory scrutiny in certification surveys.

Again, the standard to be applied does not and should not involve gauging plaintiffs' likelihood of success on the merits, but only whether plaintiffs can prove no set of facts in support of their claims which would entitle them to relief. *Slife, supra.*

Finally, the trial court granted defendants' motion to dismiss plaintiffs' plea for injunctive relief, on the ground that an adequate remedy at law existed by way of administrative hearing under R.C. Chapter 119 and that, therefore, plaintiffs failed to state a claim upon which relief could be granted. As stated above, should plaintiffs never lose their status as being in compliance with the Medicaid certification rules, then such administrative hearing never becomes available and plaintiffs will be precluded from challenging the regulations and their application. Therefore, inasmuch as injunctive relief was denied on this ground, dismissal was error. Accordingly, plaintiffs' second and third assignments of error are hereby sustained.

In their first assignment of error, plaintiffs argue that the trial court did not apply the correct standard in granting the motion to dismiss under Civ. R. 12(B)(6). In light of our disposition of the second and third assignments of error, this assignment of error is moot and is therefore overruled.

By way of cross-appeal, defendants challenge the trial court's conclusion that plaintiffs had standing to bring the complaint in the case *sub judice.* Inasmuch as we agree with the trial court's finding in that regard, we hereby overrule the cross-assignment of error. Notwithstanding the primary purpose for promulgation of the Medicaid statutes, plaintiffs clearly are the proper, and indeed the *only* parties to bring these claims.

Accordingly, for the foregoing reasons, plaintiffs' first assignment of error is overruled; the second and third assignments of error are sustained; defendants' cross-assignment of error is overruled; and this cause is reversed and remanded to the Franklin County Court of Common Pleas for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

STRAUSBAUGH and MCCORMAC, JJ., concur.

WILLIAM F. BROWN, J., retired, of the Court of Common Pleas of Coshocton County, sitting by assignment.