Fairview General Hospital, Appellant, *v.* Fletcher, Dir., Appellee.

[Cite as *Fairview Gen. Hosp. v. Fletcher* (1992), 63 Ohio St.3d 146.]

(No. 91–315—Submitted January 22, 1992—Decided March 11, 1992.)

*Walter, Haverfield, Buescher & Chockley, James E. Betts, Marcia E. Hurt* and *Amy Berman Hogan,* for appellant.

*Lee I. Fisher,* Attorney General, and *Dennis G. Nealon,* for appellee.

*Roth & Rolf Co., L.P.A.,* and *Sheila P. Cooley,* urging affirmance for *amicus curiae,* University Hospitals of Cleveland.

*Vorys, Sater, Seymour & Pease* and *James P. Friedt,* urging affirmance for *amicus curiae,* Association of Ohio Children's Hospitals.

The cause is affirmed on authority of the court of appeals' opinion below, rendered December 20, 1990 and attached as an appendix to this opinion.

Moyer, C.J., Sweeney, Holmes, Douglas and Resnick, JJ., concur.

Wright and H. Brown, JJ., concur separately.

APPENDIX

McCormac, Judge.

Defendant-appellant, Robert Fletcher, the Director of the Ohio Department of Health ("ODH"), appeals the judgment of the Franklin County Court of Common Pleas which overruled his motion for summary judgment and granted summary judgment in favor of plaintiff-appellee, Fairview General Hospital ("Fairview"). The trial court declared that Ohio's certificate of need ("CON") law was inapplicable to appellee's request to ODH for a redesignation of the level of its neonatal intensive care unit ("NICU") from Level II to Level III,

and that the director exceeded his statutory authority when he applied Ohio's CON law to deny appellee's request.

This case began on February 4, 1987, when Fairview submitted a letter to ODH requesting a redesignation of the Level II status of its NICU issued by ODH in 1980 to a Level III status. ODH replied on March 5, 1987 that Fairview was required to submit a CON application to change the level of its perinatal service, and stated that ODH would review the hospital's entire perinatal service when it considered Fairview's application because CON law did not permit the redesignation of a NICU.

Fairview did not consider the director's request for a CON application a determination by ODH under R.C. 3702.53(A)(1) and (2) that the redesignation of its NICU was a "reviewable activity" to which the CON statutes apply, and thus did not immediately appeal the matter to the Certificate of Need Review Board ("CONRB").[1] Instead, Fairview submitted its CON application in August 1987. Nevertheless, appellant advised Fairview by a letter dated April 6, 1988 that its application had been denied based on need. On May 4, 1988, Fairview filed an administrative appeal with the CONRB in which it assigned as error appellant's application on CON law to its original request; however, Fairview voluntarily dismissed this appeal on February 24, 1989 before a judgment was issued by the CONRB.

On August 15, 1988, during the interim between the filing and voluntary dismissal of its administrative appeal, Fairview filed a complaint seeking a declaratory judgment and a writ of mandamus in the Franklin County Court of Common Pleas. Specifically, Fairview sought a declaration that Ohio's CON laws were inapplicable to Fairview's request for a redesignation of its NICU and an order compelling appellant to redesignate Fairview's NICU a Level III facility.

In response to Fairview's request for declaratory relief, cross-motions for summary judgment were filed by Fairview and ODH. On September 28, 1989, the trial court granted summary judgment for Fairview, ruling that Ohio's CON law was inapplicable to Fairview's request to ODH for a redesignation of its NICU, and that the director exceeded his statutory authority when he applied Ohio's CON law to deny the request. The court overruled ODH's motion for summary judgment, rejecting its affirmative defenses of exhaus-

---

1. R.C. 3702.53(A) provides, in relevant part, that:
"* * * In administering the certificate of need program, the director shall:
"(1) Issue rulings on whether a particular proposed project is a reviewable activity. * * *
"(2) Review applications for certificates of need. * * * *"

tion of remedies and *res judicata*. Subsequently, Fairview dismissed its mandamus action.

ODH appeals the declaratory judgment asserting the following assignments of error:

"I.  The trial court erred in failing to dismiss the action below where the issue before the court was *res judicata*.

"II.  The trial court erred in failing to dismiss the action below where Appellee failed to exhaust its administrative remedies.

"III.  The Trial court erred in finding that Appellee's change from a Level II to a Level III NICU does not require a certificate of need."

The summary judgment which granted declaratory relief for appellee was proper pursuant to Civ.R. 56(C) if the evidence, viewed most strongly in favor of appellant, showed that there was no genuine issue as to any material fact and that appellee was entitled to judgment as a matter of law.  In this case, the facts which indicated the chronology of events were undisputed at the trial court.  The merit issues presented to the trial court were whether appellant exceeded his statutory authority when he applied Ohio's CON law to deny Fairview's request for a redesignation of its NICU and, more particularly, whether a CON was required before such a redesignation could take place. In other words, the trial court's summary judgment for appellee declared the change in the status of a NICU from Level II to Level III a non-reviewable activity under R.C. 3702.53(A) for which a CON was not required as a matter of law.

Before the merits of the declaratory judgment can be considered, we must address appellant's first and second assignments of error, which assert that a declaratory judgment action was inappropriate because the question of whether Ohio's CON statutes applied in this case should have been answered first by the CONRB.  Specifically, appellant contends that the trial court abused the discretion granted it by Ohio's Declaratory Judgments Act, R.C. 2721.02 *et seq.*, when it entertained the declaratory judgment action since appellee had failed to exhaust all of its existing administrative remedies, including adjudication by the CONRB, before it invoked the subject matter jurisdiction of the common pleas court.  Additionally, appellant asserts that appellee's failure to pursue administrative appeals of the director's action rendered those determinations final and binding.

It is settled in Ohio that the three elements necessary to obtain a declaratory judgment as an alternative to other remedies are:  (1) that a real controversy between adverse parties exists;  (2) which is justiciable in character;  (3) and that speedy relief is necessary to the preservation of rights which may be

otherwise impaired or lost. *Herrick v. Kosydar* (1975), 44 Ohio St.2d 128, 130, 73 O.O.2d 442, 443, 339 N.E.2d 626, 627; *Buckeye Quality Care Centers, Inc. v. Fletcher* (1988), 48 Ohio App.3d 150, 154, 548 N.E.2d 973, 976. Application of the aforementioned three criteria to the circumstances in this case leads to the conclusion that the trial court's declaratory judgment was inappropriate and an abuse of discretion. Although there was a justiciable controversy between adverse parties at the time appellee filed its declaratory judgment action, declaratory relief was unnecessary to the preservation of appellant's rights because Ohio's CON statutes provided appellant with an adequate legal remedy.

Exhaustion of administrative remedies is not required where the only claim presented in a declaratory judgment action is the validity or constitutionality of a statute. *Herrick, supra,* 44 Ohio St.2d at 130, 73 O.O.2d at 443, 339 N.E.2d at 628; *Buckeye Quality Care Centers, Inc., supra,* 48 Ohio App.3d at 154, 548 N.E.2d at 977.

In *Arbor Health Care Co. v. Jackson* (1987), 39 Ohio App.3d 183, 530 N.E.2d 928, we determined the propriety of declaratory relief when a plaintiff seeks a declaration of its constitutional rights in addition to a declaration of its statutory rights. In *Arbor,* the plaintiff health care organization applied to ODH for a CON to build nursing homes. Before ODH either granted or denied the application, plaintiff filed an action in common pleas court against ODH which sought a declaratory judgment that ODH improperly interpreted the Ohio Administrative Code provisions which prescribed rules for the batching of CON applications, as well as for the calculation of annual bed need. The trial court sustained ODH's motion for dismissal under Civ.R. 12(B)(6) because it found plaintiff's declaratory judgment action to be moot and barred by plaintiff's failure to exhaust the administrative remedies afforded CON applicants under R.C. Chapter 3702.

The plaintiff appealed to this court, and we held that, despite the presence of a constitutional claim, it was preferable for plaintiff to have exhausted its administrative remedies prior to seeking declaratory relief in the common pleas court in order to avoid unnecessarily deciding the constitutional issue. Therefore, we held that the trial court did not abuse its discretion under the Declaratory Judgment Act when it dismissed plaintiff's complaint for having failed to demonstrate, in light of the adequate legal remedies provided by Ohio's CON statutes, the need for speedy relief. We specifically declined, however, to address whether it would have been an abuse of discretion for the trial court to retain the declaratory judgment action.

The *Arbor* case is not dispositive of the instant case. Unlike the appellant in *Arbor,* Fairview presented no constitutional issues in its request for

declaratory relief. Furthermore, the instant case comes closer to presenting the precise issue this court declined to answer in *Arbor*, in that the trial court herein retained and granted appellee's declaratory judgment action.

Therefore, the issue in this case is whether exhaustion of administrative remedies was a necessary prerequisite to a declaratory judgment action which requested a declaration of purely statutory rights. The Ohio Supreme Court specifically held in *Schomaeker v. First Natl. Bank* (1981), 66 Ohio St.2d 304, 20 O.O.3d 285, 421 N.E.2d 530, paragraph one of the syllabus, a case in which this very issue was presented under R.C. Chapter 2506 governing the administrative appealability of the granting of a use variance, that declaratory relief was unavailable absent exhaustion of adequate administrative remedies whenever the invalidity or unconstitutionality of the zoning ordinance is not asserted by plaintiff.

The principle that, absent a constitutional challenge, declaratory relief is unnecessary to the preservation of a plaintiff's statutory right when the Ohio legislature has provided a quasi-judicial administrative appeal of administrative decisions has been applied in numerous cases. For example, in *Noble Cty. Engineer v. State Emp. Relations Bd.* (Dec. 23, 1987), Franklin App. No. 87AP–587, unreported, 1987 WL 31297, we followed *Schomaeker* and determined that a plaintiff cannot initially challenge the legal authority of SERB under Ohio's collective bargaining statutes through a declaratory judgment action unless the validity or constitutionality of the statute is raised. See, also, *American Life & Acc. Ins. Co. of Kentucky v. Jones* (1949), 152 Ohio St. 287, 296, 40 O.O. 326, 330, 89 N.E.2d 301, 306.

Similarly, in the instant case, the existence of appellant's reviewability determination and denial of Fairview's CON application precluded the trial court from granting declaratory relief because Ohio's CON laws provided adequate administrative adjudication at the CONRB. Since there were no constitutional claims, speedy relief in the form of a declaratory judgment was not required to protect Fairview's statutory rights.

R.C. 3702.53(A)(1) and (2) specifically say that the Director of ODH shall administer Ohio's CON program and, in so doing, issue rulings on whether a particular "proposed project" is a "reviewable activity," as well as review applications for a CON. Fairview argued and the trial court agreed that Ohio's CON laws were inapplicable to grant the director jurisdiction over Fairview's request because a request to redesignate a NICU from Level II to Level III is not a "proposed project" which triggers R.C. 3702.53(A)(1) and (2) and, furthermore, because such a redesignation is not a "reviewable activity" within the meaning of R.C. 3702.51(R)(7)(b).

The trial court reasoned that Fairview's request was not a "proposed project" because the change in status of a NICU from a Level II to Level III is not specifically mentioned within the statutory definition of "reviewable activity" contained in R.C. 3702.51(R)(7)(b). Specifically, the court found that a change in status from Level II to Level III is not a recategorization of beds and, therefore, is not a proposed project. Hence, the court ruled that the director is without authority to make a reviewability determination on the matter, or to require a hospital to apply for and receive a CON before ODH will redesignate the level of its newborn care.

We disagree. R.C. 3702.53(A) defines the scope of authority which appellant has in administering Ohio's CON program. For purposes of this appeal, it is important to note that the director has the authority to make reviewability determinations, as well as the authority to grant or deny CON applications. In this case, appellant did both, which triggered the special remedial proceedings contained in Ohio's CON laws and rendered immediate declaratory relief for appellee unnecessary and inappropriate.

Although neither the Ohio Revised Code nor the Ohio Administrative Code specifically defines "proposed project," provisions from both sources support our conclusion that the term is not limited by the definition of "reviewable activity." Ohio Adm.Code 3701-12-04 specifically prescribes, with regard to the director's authority to make reviewability determinations:

" * * * The director may issue such a determination at any time after receiving a notice of intent *or other information* relating to a proposed *or actual activity* that *may be* reviewable.* * * " (Emphasis added.)

The point of a reviewability determination is to ascertain whether a particular activity is "reviewable" by the Director of ODH, which would require a CON under Ohio's CON law. The activity can be actual, meaning existing, or proposed for the future. Therefore, Fairview's argument that a redesignation of its NICU to Level III will not cause any future changes in bed use is unconvincing. The letter of February 4, 1987 contained information relating to an actual activity from which appellant was authorized to make a reviewability determination. Appellant's written response of March 5, 1987, that a CON was required, was such a determination.

The trial court further determined that a change in status from Level II to Level III was not a "reviewable activity" for which a CON was required because such a change was not a "recategorization" of beds. Since the statutes do not define "recategorization," the court relied on Ohio Adm.Code 3701-59-02(C), which states that "[b]eds within hospitals shall be registered in the following service categories: * * * (3) Newborn care (Level I, II, or III as defined in 42 C.F.R. section 121.204)" to support its holding that the designat-

ed level of care is within a service category, but is not a category in and of itself. The trial court reasoned that a change from Level II to Level III is not a "recategorization" and, therefore, is not a "reviewable activity" which requires a CON. In substance, the trial court concluded that appellant was wrong in requiring appellee to submit a CON application, although that issue was not pursued through the administrative remedy provided to appellee.

The March 5, 1987 reviewability determination was immediately appealable to the CONRB pursuant to R.C. 3702.58(A), which specifically entitled Fairview to an adjudication hearing to determine the propriety of the director's initial reviewability determination, as well as the director's later denial of a CON application. Hence, appellee had two opportunities to comply with the administrative appeal procedure, both of which it failed to pursue and which it bypassed by its declaratory judgment action.

R.C. 3701.72 subjects Ohio's CON statutes to the Administrative Procedure Act, which ultimately provides for access to the common pleas court under R.C. 119.12. R.C. 119.12, which defines the jurisdiction of the common pleas court in an appeal from an order of an administrative agency, requires an exhaustion of remedies in that only orders issued "pursuant to adjudication" are final and appealable. "Adjudication" requires, under R.C. 119.01(D), a determination by the highest authority of an agency, in this case the CONRB, which was bypassed by the procedure that was employed.

The foregoing analysis demonstrates that, under the facts of this case, appellee's complaint for declaratory relief should have been dismissed and request for summary judgment denied. This case, unlike *Arbor*, presented no constitutional issues in addition to the statutory claims which would have provided a basis for declaratory relief prior to adjudication by the CONRB of the reviewability determination and of the denial of Fairview's CON application. Rather, this case comes squarely within the rule announced in *Schomaeker, supra*, as interpreted by this court in *Noble, supra*, that declaratory relief is unavailable when a plaintiff has failed to exhaust its administrative remedies and asserts a determination of statutory rights without presenting any constitutional issues. Allowance of declaratory relief under these circumstances served only to circumvent an adverse decision of an administrative agency and to bypass the legislative scheme.

Appellant's second assignment of error is sustained.

Appellant's first assignment of error is also sustained. As we have previously discussed, there was jurisdiction vested in the director to issue a reviewability ruling. He did so and his ruling was not appealed to the CONRB. Hence, the ruling was final and binding and not subject to collateral attack in the common pleas court. See *Holiday Homes, Inc. v. Butler Cty.*

*Bd. of Zoning Appeals* (1987), 35 Ohio App.3d 161, 520 N.E.2d 605. The director also had jurisdiction to determine the merits of a CON application. He did so and appellee voluntarily dismissed its appeal from an adverse decision. Hence, that ruling was also final and binding and not subject to collateral attack.

Appellant's first assignment of error is sustained.

Since the merits of whether a change in the status of a NICU from Level II to Level III constituted a non-reviewable activity for which a CON was not required were not properly before the trial court, any declaration of rights would be dicta which we decline to state. However, it is important to note that the issue is not one that is clear and one-sided. The applicable statutes and regulations are sufficiently unclear that guidance should be sought from the appropriate administrative agencies. A court's determination should be reserved to a case where the issue is properly before the court rather than for the court to issue an advisory opinion.

Appellant's third assignment of error is sustained.

Appellant's assignments of error are sustained. The judgment of the trial court is reversed and the cause is remanded to the trial court with instructions to dismiss the action.

*Judgment reversed and cause*
*remanded with instructions.*

STRAÜSBAUGH and PEGGY BRYANT, JJ., concur.

HERBERT R. BROWN, J., concurring. I would affirm the result but would not adopt the opinion of the court of appeals.

WRIGHT, J., concurs in the foregoing concurring opinion.