DECISION AND JOURNAL ENTRY
Appellant, Roger Spiller, appeals from a judgment of the Summit County Court of Common Pleas that granted judgment to appellees, Ohio Bureau of Motor Vehicles and its registrar Frank Caltrider (collectively "BMV"), on Spiller's declaratory judgment action. This Court affirms.
 I.
On January 28, 1998, Spiller, an Ohio resident, was cited in North Carolina for the offense of impaired driving. Spiller performed an intoxilizer-alcohol test with a result of .08, which was apparently sufficient to create a presumption of intoxication in North Carolina.[1] Spiller entered a plea of guilty to the offense.
By a Notice of Suspension dated July 1, 1998, the registrar of motor vehicles notified Spiller that his Ohio driver's license would be suspended for six months due to the North Carolina conviction. The notice was issued pursuant to R.C. 4507.169, which authorizes the registrar of motor vehicles to suspend the Ohio driver's license of a driver convicted in another state for an offense that is "substantially similar" to Ohio's offense of driving under the influence or other related offenses. R.C.4507.169(A) provides for a hearing, upon timely request, following notice of license suspension. The scope of the administrative hearing is limited to "whether the person actually was convicted of or pleaded guilty to the offense for which the suspension * * * is to be imposed." R.C. 4507.169(A). Spiller did not request an administrative hearing.
On July 17, 1998, Spiller filed this declaratory judgment action, seeking a declaration that R.C. 4507.169(A) deprived him of due process because he had no opportunity to litigate whether his North Carolina offense was "substantially similar" to one of Ohio's alcohol-related driving offenses so as to warrant a suspension of his driver's license. Spiller sought and obtained a stay of his license suspension.[2]
The BMV moved to dismiss Spiller's complaint, asserting that the trial court should not entertain the declaratory judgment action because Spiller had failed to exhaust his administrative remedies. The trial court held a bench trial after which it determined that Spiller had failed to exhaust his administrative remedies. Consequently, the court entered judgment for the BMV. Spiller appeals and raises three assignments of error.
 II.
Spiller's first assignment of error is that the trial court erred in holding that he was required to exhaust his administrative remedies before pursuing this declaratory judgment action because he challenged the constitutionality of R.C.4507.169(A). It is true that "[e]xhaustion of administrative remedies is not required where the only claim presented in a declaratory judgment action is the validity or constitutionality of a statute." Fairview Gen. Hosp. v. Fletcher (1992), 63 Ohio St.3d 146,149. Requiring litigants to challenge the constitutionality of a statute through the administrative process would be futile because administrative bodies have no authority to interpret the constitution. See Jones v. Chagrin Falls (1997), 77 Ohio St.3d 456,460-461. Where resorting to the administrative process would be "wholly futile, exhaustion is not required." Id., quoting Karches v.Cincinnati (1988), 38 Ohio St.3d 12, 17. Although exhaustion of administrative remedies is not required where the only claim asserted is the constitutionality of a statute, it is a prerequisite to a declaratory judgment action that seeks a declaration of statutory rights. Fairview Gen. Hosp., supra, at 149-150.
Although Spiller purports to raise a challenge to the constitutionality of R.C. 4507.169(A), his two-pronged challenge is both statutory and constitutional. First, he asserts a statutory argument that the scope of the administrative hearing provided by R.C. 4507.169(A) is so narrow that he could not have litigated whether the North Carolina statute under which he was convicted was "substantially similar" to Ohio's DUI statutes. Next, if the statutory argument is accepted, he asserts that the narrow scope of the hearing deprived him of his right to procedural due process.
Spiller has asserted that, because R.C. 4507.169(A) limits the scope of the administrative hearing to "whether [he] was convicted of or pleaded guilty to the offense for which the suspension * * * [was] to be imposed," he could not have litigated whether the North Carolina offense of driving while impaired was "substantially similar" to an Ohio DUI offense. His argument is one of statutory construction, for an argument also could be made that the scope of the hearing is not as limited as Spiller has interpreted it to be. A hearing to determine whether he was convicted of "the offense" could encompass whether the North Carolina offense satisfied the statutory definition of being "a violation of a statute of any other state or any federal statute that is substantially similar to section 2925.02, 2925.03,2925.04, 2925.05, 2925.06, 2925.11, 2925.12, 2925.13, 2925.14,2925.22, 2925.23, 2925.31, 2925.32, 2925.36, or 2925.37 of the Revised Code." R.C. 4507.169(A).
Spiller sought an interpretation of the scope of the hearing that he would have been afforded pursuant to R.C. 4507.169(A), had he requested one. Consequently, he was required to raise it through an administrative hearing. A challenge raised through the administrative process would not have been futile because determining the proper scope of the administrative hearing was within the province of the administrative body. The trial court properly determined that exhaustion of administrative remedies was a prerequisite to Spiller's declaratory judgment action. Spiller's first assignment of error is overruled.
Spiller's second and third assignments of error address the merits of Spiller's constitutional challenge to R.C. 4507.169(A). Because this Court has found that the trial court did not err in finding that Spiller's declaratory judgment action was barred by his failure to exhaust administrative remedies, the merits of his declaratory judgment claim need not be reached. Spiller's remaining assignments of error are overruled accordingly.
 III.
Spiller's assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant. Exceptions.
 _____________________________ BETH WHITMORE, FOR THE COURT.
CARR, P.J. and BATCHELDER, J. CONCUR.
[1] Ohio has set its legal limit at a higher level of .10. See R.C. 4511.19(A).
[2] Spiller did not obtain a stay of the suspension pending appeal and, therefore, his suspension period has presumably run. The parties do not dispute, however, that this issue is not moot because it is "capable of repetition, yet evading review." SeeHughes v. Ohio Bur. of Motor Vehicles (1997), 79 Ohio St.3d 305,307.