Appellant, Sheila Bailey (Mrs. Bailey) appeals from a judgment of the Lorain County Domestic Relations Court dismissing her declaratory judgment action on the basis of res judicata. The couple's legal entanglements began two decades ago and have been the subject of numerous appeals since their divorce from each other on May 30, 1986. As part of the initial divorce decree, the trial court appointed a receiver to do an accounting of all marital assets, to sell the marital residence, farm equipment and crops, and to apply proceeds from the sale to marital debts.
The receiver filed his first report, covering the period June 1, 1986, to March 10, 1987, on April 6, 1987. He filed a revised report on May 2, 1987. The trial court approved the report on April 29, 1988. Mrs. Bailey attempted to appeal from that order, but this Court dismissed her appeal for lack of a final appealable order. Bailey v. Bailey (Apr. 5, 1989), Lorain App. No. 88CA004371, unreported. (Bailey I).
Once her appeal was dismissed, Mrs. Bailey moved the trial court for reconsideration of its order approving the receiver's report for the period June 1, 1986, to March 10, 1987. She argued that the trial court incorrectly approved that report because it contained numerous clerical and mathematical errors.
Then, the receiver, on March 10, 1989, filed a second report, covering the period March 10, 1987, to June 1, 1988, and, on October 2, 1989, filed a third report, covering the period June 1, 1988, to September 12, 1989. The trial court approved the second and third reports on November 14, 1989. The receiver filed a fourth report on March 23, 1990, but the trial court did not immediately consider it.
Meanwhile on September 19, 1989, the trial court entered another journal entry ordering the sale of the marital residence to Mr. Bailey and ordering Mrs. Bailey to pay Mr. Bailey $9,688 as damages. According to the receiver's reports, this sum was deducted from Mrs. Bailey's account and credited to Mr. Bailey's.
A hearing was held on Mrs. Bailey's motion for reconsideration of the trial court's approval of the receiver's first report on February 2, 1992. At the outset of that hearing, Mr. Bailey orally moved the court to preclude Mrs. Bailey from presenting evidence of claimed errors the receiver allegedly committed prior to December 12, 1989. The trial court refrained from ruling on Mr. Bailey's motion at that time and permitted Mrs. Bailey to testify about claimed errors the receiver allegedly committed in his first interim report. At the conclusion of her direct testimony, the trial court orally granted Mr. Bailey's motion and directed his attorney to prepare a written order to that effect. The trial court stated that it was denying Mrs. Bailey's motion for reconsideration because it was based solely on claimed errors the receiver allegedly committed prior to December 12, 1989.
Following the February 2, 1992, hearing, Mrs. Bailey, on April 3, 1992, attempted to attack the receiver's first report by moving the trial court, pursuant to Rules 60(A) and (B) of the Ohio Rules of Civil Procedure, for relief from its order approving that report. She argued that the report was "riddled with omissions, negligence, errors of fact, errors of law, duplication of entries, and * * * computational errors," all to her detriment. All the claimed errors were allegedly made prior to December 12, 1989. In addition, Mrs. Bailey, on July 23, 1993, moved the court to surcharge the receiver for having breached his fiduciary duty by making errors in his first report.
In response to these motions, Mr. Bailey, on October 18, 1993, filed a written motion, captioned a motion in limine, to preclude Mrs. Bailey from presenting evidence of errors the receiver allegedly made prior to December 12, 1989. Mr. Bailey argued that the trial court, at the February 2, 1992, hearing, had decided that Mrs. Bailey could not present evidence of any alleged errors that might have occurred before that date. Mrs. Bailey filed objections to this motion on June 20, 1995. On October 12, 1995, the trial court issued a written order granting Mr. Bailey's motion on the ground that it had decided the issue at the 1992 hearing.
On December 18, 1995, Mrs. Bailey moved the court for reconsideration of and relief from its order precluding her from testifying about claimed errors the receiver allegedly made prior to December 12, 1989. The trial court, on December 19, 1995, held a hearing on Mrs. Bailey's motion and on the receiver's application for approval of his fourth report. At that hearing, Mr. Bailey orally moved the court to strike Mrs. Bailey's testimony from the February 2, 1992, hearing about claimed errors that had allegedly occurred before December 12, 1989.
On December 20, 1995, the trial court reaffirmed its order precluding Mrs. Bailey from testifying about alleged errors the receiver made prior to December 12, 1989, and granted Mr. Bailey's motion to strike any testimony she had given that went to claimed errors allegedly occurring before that date. It approved the receiver's fourth report because Mrs. Bailey had no objections to it except to the extent that it was affected by claimed errors that allegedly occurred prior to December 12, 1989. It also dismissed Mrs. Bailey's motion to surcharge the receiver because it was based solely on claimed errors he allegedly made before December 12, 1989. Although it is not clear from the record somehow the trial court at the same time entertained and granted a motion to vacate the portion of the September 19, 1995, judgment entry granting Mr. Bailey $9,688 as damages. The trial court did not include any order of repayment of the money in this order.
The receiver filed his final report on December 29, 1995. The trial court approved it on March 11, 1996, and Mrs. Bailey appealed the approval of the final report to this Court.
On appeal to this Court Mrs. Bailey alleged that the trial court: (1) incorrectly precluded her from presenting evidence of errors the receiver committed prior to December 12, 1989; (2) incorrectly struck her testimony regarding errors the receiver made prior to that date; and (3) incorrectly denied her motion to surcharge the receiver for errors he made in his interim reports in light of the prima facie case she demonstrated of fiduciary negligence. This Court affirmed the trial court on December 4, 1996. Bailey v. Bailey, (Dec. 4, 1996), Lorain App. No. 96CA006320, unreported (Bailey II).
Almost two years later, on September 24, 1998, Mrs. Bailey filed a motion for declaratory judgment to determine the rights and obligations of the parties to the $9,688 that Mrs. Bailey was ordered to pay Mr. Bailey but was subsequently vacated by the December 20, 1995 order.
On November 18, 1998, Mrs. Bailey then filed a request for admissions to the court appointed receiver pertaining to the matters alleged in her declaratory judgment motion. The receiver in turn filed a motion for a protective order. On December 16, 1998, Mr. Bailey filed a motion to strike the declaratory judgment motion. More discovery requests were directed to the receiver and he in turn filed another motion for protective order. On January 29, 1999, Mrs. Bailey filed a motion for summary judgment. A response to this motion was filed by the receiver.
On April 20, 1999, the trial court after reviewing the motions and the record, filed two entries: (1) dismissing Mrs. Bailey's complaint as barred by collateral estoppel; and (2) granting the receiver's motion for protective order. The trial court reasoned that since Mrs. Bailey's motion involves issues which arise from the entry she appealed in 1996, she is barred from further litigating this issue. Mrs. Bailey now appeals these orders alleging the trial court erred. This Court affirms.
Mrs. Bailey asserts two assignments of error on appeal. These assignments of error have been combined because they involve similar issues of law.
 ASSIGNMENTS OF ERROR It is error of law for the trial court to summarily dismiss, without a hearing, a proper motion for a declaratory judgment which is requesting clarification, instructions, and appropriate orders concerning a prior judgment of that court which prior judgment is vague, incomplete, and ambiguous; and which motion requests the appropriate authorized statutory relief of clarification of inter-party rights and liabilities, but the motion is dismissed on the sole grounds that such a statutory motion is dismissed on the sole grounds that such a statutory motion for a declaratory judgment constitutes a collateral attack on that prior judgment in issue.
 It is error of law for the trial court to rule that a court appointed receiver is not a fiduciary as to the trust, is not a party to proceedings concerning his wrongful distribution of trust assets, and is in fact a judicial officer immune from any civil proceedings, including discovery.
 In her assignments of error, Mrs. Bailey claims the trial court erred in finding that she was collaterally estopped from pursuing her declaratory judgment action and in precluding her from obtaining discovery from the receiver in relation to the funds that form the basis of the declaratory judgment request. This Court disagrees and finds that both issues were barred by collateral estoppel.
An action for declaratory judgment will only lie, where, in the exercise of sound discretion, the trial court finds: (1) that a real controversy exists; "(2) which is justiciable in character;" and (3) that speedy relief is necessary to preserve rights which may otherwise be impaired or lost. Fairview General Hospital v. Fletcher (1992),63 Ohio St.3d 146, 148-149. Where a trial court finds any of the above elements missing it may dismiss the action. See Shaefer v. First Nat'lBank (1938), 134 Ohio St. 511, 518.
The doctrine of res judicata "bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action" in which a valid, final judgment was rendered upon the merits. Grava v. Parkman Twp. (1995),73 Ohio St.3d 379, 382. A transaction was defined in Grava as "`a common nucleus of operative facts.'" Id., citing 1 Restatement of the Law 2d, Judgments (1982) 198-199, Section 24, Comment b.
In the case at bar, Mrs. Bailey does not dispute that two former appeals were taken in this case (Bailey I and II). Furthermore, Mrs. Bailey does not dispute that the issue of the final accounting was appealed and affirmed in Bailey II. Instead, Mrs. Bailey submits that the issue of repayment of the $9,688 was not addressed in the trial court's order or on appeal, and, therefore she is not barred from raising it later. Mrs. Bailey's argument is not well taken.
 It is well settled in Ohio that the doctrine of res judicata bars reconsideration of matters when a final judgment has been rendered upon the merits of the controversy. The final judgment is conclusive as to rights, issues and facts in all other proceedings between the parties and their privies. The doctrine encompasses two basic concepts.
 First, it refers to the effect that the final judgment of a prior action has on subsequent proceedings based upon the same claim. This is sometimes called "estoppel by judgment" or claim preclusion. Essentially, the doctrine precludes relitigation, in a wholly separate action, of the same claims that were litigated in the original action.
 The second concept contained in the doctrine of res judicata is collateral estoppel. This aspect of the doctrine precludes the same parties from relitigating issues that have already been judicially determined. It is sometimes called "estoppel by verdict" or issue preclusion. Essentially, the prior judicial determination of the issues is deemed conclusive in all other proceedings, whether they are based on the same or a different cause of action.
Christian v. Root (Oct. 15, 1990), Darke App. No. 1261, unreported.
 One cannot avoid the effect of collateral estoppel by framing a request for declaratory relief in terms of a motion in the same cause of action. Whether in the same or in a wholly separate action, the necessary predicate of a justiciable controversy does not exist if a prior valid final judgment has determined the respective rights and obligations of the parties encompassed within their request for declaratory relief.
Id., citing Burger Brewing Co. v. Liquor Control Comm. (1973),34 Ohio St.2d 93.
 In the case instanter, the issue of repayment of the $9,688 should have been raised on appeal when Mrs. Bailey attacked the final accounting as flawed in Bailey II. Mrs. Bailey could have attacked the final accounting on the basis that it did not dispose of or address all of her assets, namely the $9,688. Her failure to address this issue then cannot prohibit the application of collateral estoppel. "`Any issues which could have been raised on an appeal * * * may not be argued in a subsequent appeal[.]'" (Emphasis added and citations omitted.) Demarco v. Harris (Apr. 28, 1988), Cuyahoga App. No. 53789, unreported, quoting Johnson v. Johnson (May 17, 1979), Cuyahoga App. No. 38694, unreported.
Since Mrs. Bailey's second assignment of error concerns a discovery dispute relative to the declaratory judgment action, it is "part and parcel" of her precluded action and is barred as well.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
 ___________________________ DONNA J. CARR
BATCHELDER, P. J., WHITMORE, J., CONCUR.