OPINION
{¶ 1} Defendants-appellants Republic Services of Ohio, II, LLC [Hereinafter "Republic"] and cross-appellant Christopher Jones, Director of the Ohio Environmental Protection Agency [Hereinafter "OEPA"] appeal the trial court's granting of summary judgment in favor of the plaintiff-appellant Stark-Tuscarawas-Wayne Joint Sold Waste District [Hereinafter "District"].
 {¶ 2} Defendant-appellant own and operate the Countywide Recycling Disposal Facility located in East Sparta, Stark County, Ohio. On June 2, 2003, the Director of the OEPA issued a lateral and vertical expansion permit-to-install to defendant-appellant Republic which authorizes them to increase the size and total capacity of the landfill. Pursuant to R.C. 3745.04 and/or R.C.3745.07, the plaintiff-appellee District filed an appeal to the Ohio Environmental Review Appeals Commission [Hereinafter "ERAC"]. The District's appeal alleges that the OEPA acted unlawfully and unreasonably in issuing the permit to Republic. Republic raised concerns about the District's authority to file and fund the ERAC appeal.
 {¶ 3} On November 14, 2003, the District filed a complaint for declaratory judgment in the Stark County Court of Common Pleas. The District petitioned the trial court for a declaration that the District had statutory authority to appeal a permit-to install to the ERAC. The District also asked the trial court to declare that the District could expend funds, either fees collected pursuant to R.C. 3734.57 or interest accrued on the those fees, in furtherance of an ERAC appeal. The District's complaint named Republic Services of Ohio, II LLC and Christopher Jones, Director of Environmental Protection as party defendants.
 {¶ 4} The District and Republic submitted summary judgment motions to the trial court. The National Solid Waste Management Association filed an amicus brief in support of Republic's motion for summary judgment. In addition, the Director of the OEPA filed a brief for the trial court's consideration.
 {¶ 5} After reviewing the parties' motions for summary judgment and the respective briefs, on March 9, 2004, the trial court issued a judgment entry declaring that the district has the authority to file an appeal to ERAC and could expend funds collected pursuant to R.C. 3734.57, as well as the interest accrued on those funds, in furtherance of such an appeal.
 {¶ 6} Republic timely filed an appeal from the trial court's judgment entry. The OEPA has filed a cross-appeal from the March 9, 2004 judgment entry and the National Solid Wastes Management Association has filed an amicus brief in support of Republic's position. The issues presented by the parties are:
 {¶ 7} "I. Does appellee Stark-Tuscarawas-Wayne joint solid Waste management district ("district") have authority to appeal to the ohio environmental review appeals commission ("ERAC") from a decision of the director of ohio environmental protection agency ("Ohio EPA") such as granting republic a permit-to-install to modify its countywide landfill facility within the territory of the district?
 {¶ 8} "II. Does the district have authority to expend R.C.3734.57 Waste disposal fees in furtherance of such an appeal?
 {¶ 9} "III. Does the district have authority to expend monies from its general fund in furtherance of such an appeal?"
 I. {¶ 10} Although appellants present only one assignment of error, appellants raise three issues with respect to the trial court's granting of summary judgment in favor of appellee. Accordingly, we will treat each issue as a separate assignment of error for purposes of our review.
 {¶ 11} The question we must answer is whether a declaratory judgment action was proper in this case. Three elements are necessary to obtain declaratory judgment as an alternate to other remedies: (1) a real controversy must exist between adverse parties; (2) which is justifiable in nature; and (3) speedy relief is necessary to the preservation of rights that may otherwise be impaired or lost. Fairview Gen. Hosp. v. Fletcher
(1992), 63 Ohio St.3d 146, 148-149, 586 N.E.2d 80, 82-83.
 {¶ 12} The granting of declaratory judgment and injunctive relief are matters of judicial discretion. Control Data Corp. v.Controlling Bd. of Ohio (1983), 16 Ohio App.3d 30, 35, 16 OBR 32, 36-38, 474 N.E.2d 336, 341-342. A trial court's judgment cannot be disturbed on appeal absent a showing that the trial court abused its discretion. Id. See, also, Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482,450 N.E.2d 1140, 1141-1142. The term abuse of discretion connotes more than an error of judgment, "it implies that the court's attitude was unreasonable, arbitrary or unconscionable." Id.
 {¶ 13} In the case at bar, the Court first found that the appellee, Stark-Tuscarawas-Wayne Joint Sold Waste District [Hereinafter "District"] had standing to appeal to the Ohio Environmental Review Appeals Commission [Hereinafter "ERAC"] a decision of the director of the Ohio Environmental Protection Agency [Hereinafter "OEPA"] granting a permit to install [Hereinafter "PTI"] allowing expansion of Appellant's, Republic Services of Ohio, LLC, [Hereinafter "Republic"] landfill which is located within the District's boundaries. Finding no error we affirm the trial court's decision on this issue.
 {¶ 14} We begin with an analysis of the genesis and operation of a joint solid waste district.
 {¶ 15} Provisions governing the formation and operation of solid waste management districts appear at R.C. 343.01-.08 and R.C. 3734.50-.57. Pursuant to R.C. 3734.52, the board of commissioners of each county must either establish and maintain a county solid waste management district or participate with other counties in establishing and maintaining a joint solid waste management district. A county solid waste management district is managed by the board of commissioners of the county, and a joint solid waste management district is managed by its board of directors, consisting generally of the boards of county commissioners of the counties within the district. Each county or joint solid waste management district has a solid waste management policy committee, consisting of representatives of the public and of various political subdivisions within the district. See, Ohio Op. Att'y Gen. No. 92-03(Sept. 3, 1993).
 {¶ 16} "R.C. 343.01(A) vests in the board of county commissioners responsibility for the general management of a county solid waste management district, and implementation of the district solid waste management plan that is prepared in accordance with the terms of R.C. 3734.53-.56. In the case of a joint solid waste management district, such responsibility rests, pursuant to R.C. 343.01(B), with the boards of county commissioners of the counties that establish the joint district, which constitute, collectively, the board of directors of the joint solid waste management district. R.C. 343.01(B) thus states that the initial agreement to establish and maintain a joint solid waste management district `shall be ratified by resolution of the board of county commissioners of each participating county,' and that `[u]pon ratification, the board of directors shall take control of and manage the joint district subject to [R.C. Chapter 343].' R.C. 343.01(C)-(G) further delineate additional duties, powers, and responsibilities variously conferred upon the governing board of a county solid waste management district and the board of directors of a joint solid waste management district. See, e.g., R.C. 343.01(C) (a joint solid waste management district board of directors may acquire, by purchase or lease, construct, improve, enlarge, replace, maintain, and operate such solid waste collection systems within the district and such solid waste transfer, disposal, recycling, or resource recovery facilities within or outside the district as are necessary for the protection of the public health); R.C.343.01(D) (a joint solid waste management district board of directors may employ financial advisers and any other professional services it considers necessary to assist it in the construction, financing, and maintenance of solid waste collection, transfer, disposal, recycling, or resource recovery facilities); R.C. 343.01(E) [current version R.C. 343.01(F)] (a joint solid waste management district board of directors may issue bonds or bond anticipation notes to pay the cost of preparing general and detailed plans and other data required for the construction of solid waste transfer, disposal, recycling, or resource recovery facilities in connection with the district); R.C. 343.01(F)[current version R.C. 343.01(G)] (rule-adopting and enforcement authority of a joint solid waste management district board of directors); R.C. 343.01(G)[current version R.C.343.01(H)] (a joint solid waste management district board of directors may enter into a contract with any person, municipal corporation, township, or other political subdivision for the operation and maintenance of any solid waste disposal, recycling, or resource recovery facilities)." Id.
 {¶ 17} "[A] joint solid waste management district is an autonomous legal entity distinguishable from the individual counties that, pursuant to R.C. 343.01(A) (2) and R.C. 3734.52(A) and (B), participate in its creation." Id.
 {¶ 18} As can be extrapolated from the above, the District is not simply limited to preparing a "plan" and providing for, demonstrating and certifying the availability of and sufficient access to sufficient solid waste capacity to meet a district's management needs. The arguments advanced by Republic and theamicus have been rejected by the courts.
 {¶ 19} In Clark County Solid Waste Mgmt. District v. DanisClarco Landfill Co. (1996), 109 Ohio App.3d 19, 671 N.E.2d 1034, the Court of appeals for the Second District noted:
 {¶ 20} "R.C. 3734.53(C) (2) provides:
 {¶ 21} `The solid waste management plan of a county or joint district may provide for the adoption of rules under division (G) of section 343.01 of the Revised Code after approval of the plan under section 3734.55 of the Revised Code:
 {¶ 22} `* * *
 {¶ 23} `(2) Governing the maintenance, protection, and use of solid waste collection and solid waste disposal, transfer, recycling, and resource recovery facilities within the district and requiring the submission of general plans and specifications for the construction, enlargement, or modification of any such facility to the board of county commissioners or board of directors of the district for review and approval as complying with the plan or amended plan of the district [.]' (Emphasis added.)
 {¶ 24} "Additionally, R.C. 343.01(G) (2) states:
 {¶ 25} `To the extent authorized by the solid waste management plan of the district * * *, the board of county commissioners of a county district or board of directors of a joint district may adopt, publish, and enforce rules:
 {¶ 26} `* * *
 {¶ 27} `(2) Governing the maintenance, protection, and use of solid waste collection or other solid waste facilities located within its district. The rules adopted under division (G) (2) of this section shall not establish design standards for solid waste facilities and shall be consistent with the solid waste provisions of Chapter 3734. of the Revised Code and the rules adopted under those provisions. The rules adopted under division (G) (2) of this section may prohibit any person, municipal corporation, township, or other political subdivision from constructing, enlarging, or modifying any solid waste facility until general plans and specifications for the proposed improvement have been submitted to and approved by the board of county commissioners or board of directors as complying with the solid waste management plan or amended plan of the district' (Emphasis added.)
 {¶ 28} "An analysis of R.C. 3734.53(C)(2) reveals that it grants county districts the authority to adopt rules requiring the submission of plans for the construction of any solid waste disposal facility. Furthermore, the plans submitted must demonstrate compliance with the district's solid waste management plan. Similarly, R.C. 343