OPINION
{¶ 1} Although originally placed on our accelerated calendar, we have elected, pursuant to Loc. R. 12(5), to issue a full opinion in lieu of a summary journal entry.
 {¶ 2} Plaintiff-appellant, Cuthbert Greenhouses, Inc. ("Cuthbert"), appeals the judgment of the Union County Court of Common Pleas finding that Taylor Township's Zoning Regulations ("Township Regulations") were not in conflict with the Union County Access Management Regulations ("County Regulations").
 {¶ 3} Cuthbert owned 172.129 acres of land located on Cotton Slash Road in Taylor Township, Union County, Ohio. Cuthbert built a driveway on the property. On July 1, 2005, Cuthbert filed a declaratory judgment action to determine whether Township Regulation Section 1007, which prohibited common access driveways for residential lots, conflicted with County Regulations concerning common access driveways and was, therefore, void.
 {¶ 4} In July 2005, Cuthbert divided this real estate and conveyed tracts of the land to the following: Wayne H. Cuthbert Restated Trust; the Robert L. Cuthbert Restated Trust; Timothy F. Cuthbert and Kimberly A. Cuthbert; and Wayne H. Cuthbert.[1]
 {¶ 5} The trial court found that the Township Regulation and the County Regulation each "pertain[ed] to different areas, and so neither is legally void." The trial court further stated that Taylor Township was not estopped from denying a permit on the basis of the use of a common access driveway.
 {¶ 6} It is from the trial court's judgment that Cuthbert appeals and sets forth a sole assignment of error for our review.
 ASSIGNMENT OF ERROR NO. I THE TRIAL COURT ERRED WHEN IT FOUND TAYLOR TOWNSHIP'S PROHIBITION AGAINST COMMON ACCESS DRIVEWAYS IS ENFORCEABLE AND IS NOT IN CONFLICT WITH THE UNION COUNTY ENGINEER'S ACCESS MANAGEMENT REGULATIONS (Judgment Entry, October 20, 2005).
 {¶ 7} In its sole assignment of error, Cuthbert argues the trial court erred when it held that the township regulation and the county regulation did not conflict. Cuthbert further argues the trial court's interpretation would result in the taking of his property rights, and therefore, would be unconstitutional. Cuthbert further maintains that since the township's regulation conflicts with the county's regulation that the township regulation is now void.
 {¶ 8} In their brief, the appellees, maintain that the appellants action is not justiciable. Before addressing the merits of Cuthbert's arguments, we must first determine whether Cuthbert's declaratory action was properly before the trial court.
 {¶ 9} The declaratory judgment statute, R.C. 2721.03, provides in pertinent part, "any person whose rights, status, or other legal relations are affected by a * * * municipal ordinance, township resolution* * * may have determined any question of construction or validity arising under the * * * ordinance, resolution* * * and obtain a declaration of rights, status, or other legal relations under it." In order to bring a declaratory judgment action there must be (1) a real controversy between adverse parties; (2) which is justiciable, and (3) speedy relief must be necessary to preserve rights which otherwise may be impaired or lost. Fairview Gen. Hosp. v. Fletcher, 63 Ohio St.3d 146,148-149, 586 N.E.2d 80, citations omitted.
 {¶ 10} For a cause to be justiciable there must "exist a real controversy presenting issues which are ripe for judicial resolution and which will have a direct and immediate impact on the parties." State exrel. Keller v. Columbus, 10th Dist. No. 05-AP-52, 164 Ohio App.3d 648,2005-Ohio-6500, at ¶ 19, quoting Eagle Fireworks, Inc. v. Ohio Dept. ofCommerce, Washington App. No. 03CA28, 2004-Ohio-509. A claim based upon a future event which may or may not occur is not ripe for review. Id. at ¶ 20, citations omitted.
 {¶ 11} Although Lynn Marshall, the Taylor Township Zoning Inspector, has indicated that the Township's Regulations do not permit common access driveways, this does not establish that a final decision has been made by the township zoning official regarding the application of the township's resolution to the property. Taylor Township's regulations define a common access driveway as "a driveway serving two dwellings". The Township's Regulations further defines a dwelling as "any building or structure which is wholly or partly used or intended to be used for living or sleeping by one or more human occupants." However, Cuthbert, according to its brief, is requesting a common access driveway for four lots, and not a common access driveway serving two dwellings. Since there is no indication, in the record, that any dwellings are currently located on Cutbhert's property or planned for construction thereon, it is unclear whether or not Taylor Township's prohibition against common access driveways, as defined by Taylor Township, would even apply to Cuthbert's property.[2]
 {¶ 12} Since Cuthbert has not applied for a zoning permit from Taylor Township, and any such zoning permit may or may not be granted, there is no indication that a real controversy exists between two parties with adverse interests, or that any such controversy would be justiciable, as is required before a trial court determines a declaratory judgment action. Consequently, we hold that the trial court should have dismissed Cuthbert's declaratory judgment action.
 {¶ 13} For the aforementioned reasons, it is the order of this Court that the judgment of the Union County Court of Common Pleas be, and hereby is, reversed and the cause is remanded to the trial court for further proceedings consistent with this opinion.
Judgment Reversed and Cause Remanded.
 ROGERS and SHAW, J.J., concur.
[1] The appellees argue that the controversy was moot because Cuthbert has conveyed the tracts of land to other entitles. Although Cuthbert Greenhouses split the 172.129 acre tract of land into several tracts and sold those tracts to other parties, it appears as though Cuthbert retained some of the land involved in this case.
[2] Attached to the appellant's memorandum contra to defendant's motion to dismiss for lack of jurisdiction, there is a letter addressed to Patricia Laird, a clerk for Taylor Township, which references a building permit for two parcels served by a common access driveway, but there is no indication that the building permit would be for two dwellings as defined under the Taylor Township Zoning Regulations.