**94-2407.** State ex rel. Optimum Technology, Inc. v. Fisher. In Mandamus and Prohibition. This cause originated in this court on the filing of a complaint for writs of mandamus and prohibition. Upon consideration of the motion of relator, Optimum Technology, to clarify this court's order permitting William Cargile to intervene or, in the alternative, to strike William Cargile's counterclaim and motion to quash or for protective order,

IT IS ORDERED by the court that relator's motion to strike the counterclaim be treated as a Civ.R. 12(B)(1) motion to dismiss for lack of jurisdiction to which intervenor shall have until February 6, 1995, to file a response.

IT IS FURTHER ORDERED by the court that a conditional protective order staying the depositions set for February 2, 1995, and February 3, 1995, is granted, pending this court's ruling on the motion to dismiss the counterclaim for lack of jurisdiction.

**94-2420.** DLZ Corp. v. Fisher. In Mandamus and Prohibition. This cause originated in this court on the filing of a complaint for writs of mandamus and prohibition. Upon consideration of the motion of relators, DLZ Corporation et al., to clarify this court's order permitting William Cargile to intervene or, in the alternative, to strike William Cargile's counterclaim and motion to quash or for protective order,

IT IS ORDERED by the court that relators' motion to strike the counterclaim be treated as a Civ.R. 12(B)(1) motion to dismiss for lack of jurisdiction to which intervenor shall have until February 6, 1995, to file a response.

IT IS FURTHER ORDERED by the court that a conditional protective order staying the depositions set for February 2, 1995, and February 3, 1995, is granted, pending this court's ruling on the motion to dismiss the counterclaim for lack of jurisdiction.

**94-2590.** State v. Goney. *Montgomery County,* No. 13474. On motion for appointment of counsel. Motion denied.

**94-2612.** Dresher v. Burt. *Montgomery County,* No. 13088. On review of order certifying conflict. The court determines that a conflict exists; the parties are to brief the issue stated on page 2 of the court of appeals' Decision and Entry, dated November 21, 1994.

RESNICK and F.E. SWEENEY, JJ., dissent.

COOK, J., not participating.

**94-2629.** State v. Clinger. *Seneca County,* No. 13-93-42. On motion to withdraw motion to dismiss. Motion to withdraw granted.

**94-2659.** State v. Vitanovich. *Summit County,* No. 16380. On motion for leave to file delayed appeal. Motion granted.

RESNICK and F.E. SWEENEY, JJ., dissent.

COOK, J., not participating.

**94-2704.** State v. Howe. *Montgomery County,* No. 13969. On motion for leave to file delayed appeal. Motion denied.

MOYER, C.J., DOUGLAS and PFEIFER, JJ., dissent.

**94-2726.** State v. Smith. *Summit County,* Nos. 16027 and 16049. On motion for leave to file delayed appeal. Motion denied.

MOYER, C.J., and DOUGLAS, J., dissent.

COOK, J., not participating.

**94-2765.** Girgis v. State Farm Mut. Auto. Ins. Co. *Cuyahoga County,* No. 66970. On review of order certifying conflict. The court determines that a conflict exists; the parties are to brief the issues stated on page 6 of the court of appeals' Journal Entry and Opinion, announced December 1, 1994, relative to the physical contact rule.

MOYER, C.J., and WRIGHT, J., dissent.