[This opinion has been published in *Ohio Official Reports* at 73 Ohio St.3d 35.]

THE STATE OF OHIO, APPELLEE, *v*. HOWE, APPELLANT.

[Cite as *State v. Howe*, 1995-Ohio-11.]

*Appellate procedure—Application for reopening appeal from judgment and conviction based on claim of ineffective assistance of appellate counsel— Court of appeals properly dismisses application when it lacks jurisdiction.*

(No. 94-455—Submitted June 6, 1995—Decided August 9, 1995.)

APPEAL from the Court of Appeals for Montgomery County, No. 13969.

_____

{¶ 1} Appellant, Weston L. Howe, Jr., was convicted of aggravated murder, aggravated robbery, aggravated burglary, and possessing a weapon under disability, and he was sentenced accordingly. The Court of Appeals for Montgomery County affirmed the judgment of the trial court. *State v. Howe* (Sept. 30, 1994), Montgomery App. No. 13969, unreported.

{¶ 2} According to the parties, on December 21, 1994, appellant filed an application to reopen his appeal pursuant to App.R. 26(B), arguing ineffective assistance of counsel. On December 27, 1994, appellant filed a notice of appeal to this court and a motion for leave to file a delayed appeal. On January 26, 1995, the court of appeals denied appellant's application to reopen for lack of jurisdiction, pursuant to S.Ct.Prac.R. (2)(D)(1). *State v. Howe* (Jan. 26, 1995), Montgomery App. No. 13969, unreported. On February 1, 1995, this court denied appellant's motion to file a delayed appeal. *State v. Howe* (1995), 71 Ohio St.3d 1457, 644 N.E.2d 1030. Appellant, soon thereafter, filed a motion to reconsider the denial of his application to reopen in the court of appeals. As the court of appeals was no longer divested of jurisdiction, appellant's motion was sustained. *State v. Howe* (Feb. 22, 1995), Montgomery App. No. 13969, unreported.

**{¶ 3}** On February 28, 1995, this court accepted appellant's appeal of the appellate court's January 26 decision, again divesting the appellate court of jurisdiction. Subsequently, the court of appeals again denied the application to reopen for lack of jurisdiction. *State v. Howe* (Mar. 31, 1995), Montgomery App. No. 13969, unreported. Appellant now appeals the January 26 denial of his application to reopen to this court.

_____

*Mathias H. Heck*, Montgomery County Prosecuting Attorney, and *Carley J. Ingram*, Assistant Prosecuting Attorney, for appellee.

*Weston L. Howe Jr.*, *pro se*.

_____

***Per Curiam.***

**{¶ 4}** The sole question before this court is whether the court of appeals erred in dismissing appellant's application to reopen for lack of jurisdiction. S.Ct.Prac.R. II(2)(D)(1) states: "After an appeal is perfected from a court of appeals to the Supreme Court, the court of appeals is divested of jurisdiction, except to take action in aid of the appeal, to rule on an application for reconsideration filed with the court of appeals pursuant to Rule 26 of the Rules of Appellate Procedure, or to rule on a motion to certify a conflict under Article IV, Section 3(B)(4) of the Ohio Constitution."

**{¶ 5}** An application to reopen under App.R. 26(B) must be filed within ninety days of journalization of the appellate judgment, and is an available remedy for a criminal defendant to argue ineffective assistance of counsel. Appellant, in his application to reopen, argues ineffective assistance of appellate counsel. Clearly, appellant filed an application to reopen pursuant to App.R. 26(B), and did not file an application for reconsideration under App.R. 26(A). Therefore, appellant's notice of appeal to this court divested the appellate court of jurisdiction

2

to rule upon his application to reopen, and the court of appeals properly dismissed appellant's application to reopen.

{¶ 6} The judgment of the court of appeals is therefore affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

————————————