[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
{¶ 2} Defendant-appellant, Dorian Broadnax, appeals a decision of the court of common pleas holding that he had violated his community-control conditions and ordering him to serve a prison term. Broadnax was originally convicted of carrying a concealed weapon pursuant to R.C. 2923.12(A). He was placed on community control for five years with the conditions that he obey all laws and that he perform twenty-four hours of community service.
{¶ 3} Broadnax was later charged with aggravated murder. Subsequently, his probation officer signed a complaint stating that Broadnax had violated the conditions of his community control. The evidence at a hearing showed that he had been convicted of various traffic offenses and disorderly conduct. The state also contended that he had failed to appear for two appointments with the community-service program, although some confusion occurred about whether the notices were sent to the proper address. Based on the conviction for disorderly conduct, the trial court held that he had violated the conditions of his community control and ordered him held on that violation with no bond.
{¶ 4} Prior to the sentencing on the community-control violation, the state asked the court to dismiss the aggravated-murder charge against Broadnax because a witness who had identified him as the perpetrator had refused to testify. At the sentencing hearing on the community-control violation, Broadnax contended that a prison term was not justified for the convictions for the minor offenses and that he was really being punished for the dismissed murder charge. The trial court disagreed and sentenced him to serve sixteen months' incarceration. This appeal followed.
{¶ 5} Broadnax presents two assignments of error for review. In his first assignment of error, he contends that the trial court erred in sentencing him to serve sixteen months' incarceration on the community-control violation. He contends that he received that sentence primarily because of the murder charge, not because of any substantive violation. This assignment of error is not well taken.
{¶ 6} The conditions of Broadnax's community control required that he commit no further violations of the law. This condition that he obey all laws and the corresponding duty of the probation officer to report any violation of the law to the court are imposed by statute in R.C.2929.15(A). Consequently, a court may revoke an offender's community control if the evidence at the revocation hearing shows that the offender violated the law, even if he or she was not actually convicted of an offense. State v. Craig (1998), 130 Ohio App.3d 639, 720 N.E.2d 966;State v. King, 1st Dist. No. C-010330, 2002-Ohio-373.
{¶ 7} In this case, the community-control condition that Broadnax had to obey all laws as required by statute did not exempt minor offenses. Because Broadnax was convicted of traffic offenses and disorderly conduct, he violated the community-control condition. Therefore, trial court properly revoked his community control.
{¶ 8} Further, nothing in the record demonstrates Broadnax's contention that he was actually sentenced for the dismissed murder charge. In imposing the sixteen-month sentence, which was not the maximum that Broadnax could have received on the concealed-weapon charge, the court stated that it had given Broadnax "a break" in not sentencing him to prison originally. The court further stated, "I take probation pretty seriously and you got to walk that straight line. If you do not do it, that is it."
{¶ 9} Accordingly, we hold that the trial court did not err in revoking Broadnax's community control and sentencing him to serve sixteen months' incarceration. We, therefore, overrule his first assignment of error.
{¶ 10} In his second assignment of error, Broadnax argues that he should be discharged because the statute under which he was originally convicted is unconstitutional. This court held in Klein v. Leis,146 Ohio App.3d 526, 2002- Ohio-1634, 767 N.E.2d 286, that R.C. 2923.12, carrying concealed weapons, was unconstitutional. However, the Ohio Supreme Court granted an emergency stay of our decision, see Klein v.Leis, 95 Ohio St.3d 1433, 2002-Ohio-1997, 766 N.E.2d 999, and later allowed an appeal. See Klein v. Leis, 96 Ohio St.3d 1488,2002-Ohio-4478, 774 N.E.2d 763. The matter is still pending before the supreme court.
{¶ 11} The supreme court's granting of a stay maintained the status quo pending the appeal. See State ex rel. State Fire Marshall v.Curl, 87 Ohio St.3d 568, 2000-Ohio-248, 722 N.E.2d 73; Monarch Constr.Co. v. Ohio School Facilities Comm., 118 Ohio Misc.2d 296,2002-Ohio-2957, 771 N.E.2d 941; Master v. Chalko (May 11, 2000), 8th Dist. No. 75973. Further, after an appeal is perfected from a court of appeals to the supreme court, the court of appeals is divested of jurisdiction, except to take action in aid of the appeal. S.C.Prac.R. 11, Section 2(D)(1). See, also, State v. Howe, 73 Ohio St.3d 35,1995-Ohio-11, 652 N.E.2d 193.
{¶ 12} Consequently, the issue is not properly before us at this time, and our decision in Klein does not affect the validity of Broadnax's original conviction. We, therefore, overrule his second assignment of error and affirm the trial court's judgment.
{¶ 13} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
{¶ 14} Doan, P.J., Hildebrandt and Winkler, JJ.